**ADENA LODGE KNIGHTS OF PYTHIAS NO. 763, Plaintiff-Appellee, v. JOHNSON, Defendant-Appellant.**

Ohio Appeals, Seventh District, Jefferson County.

No. 1032. Decided June 3, 1950.

Ralph Levinson, Brenner Levinson, Steubenville, for plaintiff-appellee.

Van Tilburg & McCann, Steubenville, for defendant-appellant.

## OPINION

By PHILLIPS, PJ.

In this opinion plaintiff-appellee and defendant-appellant will be called plaintiff and defendant respectively.

Plaintiff sued defendant in the court of common pleas to reform a deed executed by defendant on November 8, 1918, which was duly recorded in the record of deeds of Jefferson County. By that deed defendant conveyed to plaintiff, a fraternal organization, the land described therein, which is the land upon which plaintiff's building is situated, which was the basis of the controversy between the parties in the court of common pleas.

The trial judge found for the plaintiff, ordered the deed reformed in accordance with a new survey made by plaintiff's engineer, and entered judgment accordingly.

Defendant appealed from that judgment to this court on questions of law and fact, but filed no bond.

Plaintiff's motion to dismiss defendant's appeal on that ground was sustained, the words "and fact" were stricken from defendant's notice of appeal, and it appearing that a bill of exceptions was duly filed the appeal was retained, argued, submitted, and will be determined as one on questions of law.

Since conveyance to it plaintiff has occupied continuously the land conveyed to it on November 8, 1918, and defendant resided on an adjoining parcel of land during all, or a portion of, that time. In 1948 defendant built a fence between the respective properties of the parties, which encroached upon the land which the evidence discloses defendant clearly intended to convey to plaintiff by the deed of November 8, 1918.

The description in the deed of November 8, 1918, did not close by 1.56 feet on the northerly and southerly boundary of the land deeded, and 2.96 feet on the easterly and westerly boundary thereof, although it is clear from the evidence that the parties intended that it should. Admittedly there was a mistake in the description contained in that deed in that the beginning point in the description contained in the deed of November 8, 1918, was referred to as the southeast corner of the Clark property, when clearly the southwest corner thereof was intended. It is equally clear that defendant intended to convey to plaintiff the land upon which its building is situated.

Defendant contends that the trial judge based his finding upon inadmissible evidence, and therefore his finding "is not sustained by any admissible evidence"; that the testi-

mony of plaintiff's engineer was not properly admissible in evidence until by actual survey he had found some "lawfully established monument or line," which his evidence discloses he had not found; that the admission of the testimony and evidence offered by such witness "was particularly erroneous and vicious" because the street on which plaintiff's property abuts had never been platted, and the admission of such testimony and evidence "throws in jeopardy every property owner" on the side of the street on which plaintiff's property abuts.

The burden was upon plaintiff, who sought reformation of its deed on the ground of mutual mistake, to establish such mistake by clear and convincing evidence, which burden, as the result of reading the bill of exceptions submitted to us for review, we believe it carried.

Next defendant contends that the judgment of the trial court entered upon his finding was contrary to law because he attempted to make an agreement between the parties.

Counsel for defendant contend that there is no admissible evidence supporting the finding of the trial judge of the existence of mutual mistake, which he had to find before he could order a reformation.

"To reform a contract and enforce it in its new shape calls for a much greater exercise of the power of a chancellor than simply to set the transaction aside. Reformation is a much more delicate remedy than rescission. Hence, in order to justify a decree for a reformation in cases of pure mistake it is necessary that the mistake should have been mutual **Stewart v. Gordon, 60 Oh St 170,** 53 N. E. 797, quoting from Bispham on Equity, Sec. 469." **35 O. Jur., Section 30, Page 173.**

The evidence reveals mutual mistake to us warranting the trial court making the finding and entering the judgment he did.

In his well considered opinion the trial judge reviewed all of the facts, upon which we, like he, base our conclusion, and supported his finding and judgment by ample authority. The parties and their counsel are familiar with such facts, to which they are referred respectfully, and no useful purpose would be served in restating them in this opinion.

Obviously we conclude that the trial judge did not err to defendant's prejudice in either of the respects he charges

The judgment of the court of common pleas is affirmed

NICHOLS, J, GRIFFITH, J, concurs in judgment